## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PORTER MAJOR**                                              **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL**                                       **NO. 09-279-C-M2**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, August 26, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PORTER MAJOR**                                                    **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL**                                            **NO. 09-279-C-M2**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Porter Major ("Major"). The State has filed an opposition to Major's habeas petition (R. Doc. 7).

## PROCEDURAL BACKGROUND

On July 28, 1999, Major was charged by bill of information with Illegal Use of a Weapon or Dangerous Instrumentality in violation of La. R.S. 14:94; Possession of a Firearm by a Convicted Felon in violation of La. R.S. 14:95.1; Intimidating, Impeding or Injuring a Witness in violation of La. R.S. 14:129.1; and Aggravated Criminal Damage to Property in violation of La. R.S. 14:55. He waived formal arraignment and pled not guilty as charged. Following a jury trial, Major was found not guilty of the charge of intimidating a witness but was convicted on all other charges on October 12, 2001. On January 25, 2002, he was sentenced to serve a total of twenty (20) years imprisonment at hard labor. On June 13, 2002, Major was found to be a fourth felony offender, and the state district court vacated his prior sentence and resentenced him to serve life imprisonment without the benefit of parole, probation, or suspension of sentence.

Major appealed his convictions and sentence and asserted that the trial court erred in denying his motion for a mistrial based upon introduction of other crimes evidence by the State.  The First Circuit Court of Appeals affirmed Major's convictions but vacated his sentence and remanded to the state district court for re-sentencing, on the ground that the state district court failed to impose a mandatory fine as required by La. R.S. 14:95.1(B). Major was resentenced by the state district court on February 18, 2003.  Major applied for writs to the Louisiana Supreme Court relative to his convictions and sentence, and such writ application was denied on November 29, 2005.

On February 24, 2003, Major filed a motion for appeal and a motion to reconsider sentence based upon his habitual offender adjudication and sentence.  Both motions were denied by the state district court on March 12, 2003.  Major then filed a writ application with the First Circuit to grant him an appeal concerning his habitual offender adjudication.  The First Circuit granted that writ on August 11, 2003 and affirmed Major's habitual offender status and sentence on June 25, 2004.  Major applied for writs to the Louisiana Supreme Court concerning the First Circuit's decision, and that writ application was denied on December 17, 2004.

On December 5, 2006, Major filed an application for post-conviction relief in which he asserted claims that his sentence violated ex post facto laws and that he had been denied effective assistance of counsel.  The state district court denied his post-conviction relief application on February 14, 2008.  Major applied for writs to the First Circuit concerning the denial of that application, and his writ application was denied on May 12, 2008.  He also filed an untimely writ application with the Louisiana Supreme Court on July 16, 2008, which was denied on April 13, 2009.

2

Major then filed his present habeas petition on May 6, 2009, wherein he asserts claims that:  (1) his sentence violates ex post facto application of the law; (2) the State improperly used his felon in possession of a firearm conviction to enhance his sentence; and (3) he received ineffective assistance of counsel.  The State opposes Major's petition and contends that it should be dismissed with prejudice as untimely-filed.

## LAW & ANALYSIS

A habeas corpus petitioner must file an application for relief within the time period set forth in 28 U.S.C. § 2244(d), which provides, in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[Emphasis Added.]  28 U.S.C. §2244(d)(1)(A) and (d)(2).  To be considered "properly filed" for purposes of §2244, an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings.  *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1811, 161 L.Ed.2d 669 (2005), citing *Artuz v. Bennett*, 531 U.S. at 8, 11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

In the present case, Major's sentence became final on March 17, 2005, ninety (90) days after the Louisiana Supreme Court denied his writ application concerning his habitual

offender status and sentence since Major did not seek review of that decision by the U.S. Supreme Court. His underlying conviction, however, does not appear to have become final until February 27, 2006, ninety (90) days after the Louisiana Supreme Court denied his writ application concerning his underlying conviction. As such, if the one (1) year limitations period under §2244(d) is calculated from the latter date of February 27, 2006, he filed his post-conviction relief application with the state district court approximately two hundred and eighty (280) days later on December 5, 2006. The limitations period was then tolled while his post-conviction relief application was "pending" in the state district court and at the First Circuit, until the First Circuit rendered its writ denial on May 12, 2008. Since Major did not timely file a writ application with the Louisiana Supreme Court concerning the denial of his post-conviction relief application, the limitations period commenced to run again on May 12, 2008 and ran for nearly one (1) year until Major filed his present habeas petition on May 6, 2009.

Accordingly, when the two hundred and eighty (280) days of untolled time that expired between the finality of Major's conviction and sentence and the filing of his post-conviction relief application are added to the three hundred fifty-nine (359) days of untolled time that expired between the First Circuit's denial of his writ application concerning his post-conviction relief application and Major's filing of his present habeas petition, it appears that his habeas petition was not timely filed within the one (1) year deadline set forth in §2244(d) and that it should therefore be dismissed with prejudice.

4

**RECOMMENDATION**

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Porter Major, should be **DISMISSED WITH PREJUDICE** as untimely-filed.

Signed in chambers in Baton Rouge, Louisiana, August 26, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**