**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PORTER MAJOR**                                          **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL**                                   **NO. 09-279-C-M2**

### NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

      Signed in chambers in Baton Rouge, Louisiana, April 6, 2010.

      **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PORTER MAJOR**                                                         **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL**                                         **NO. 09-279-C-M2**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the "Motion to Set Aside Judgment Due to Fraud Upon the Court under F.R.C.P., Rule 60(B)(3) and/or Rule 60(B)6 and/or U.S.C.A. 18 §1001 as well as Conspiracy under U.S.C.A. 18 §241, and/or §242, and/or §371" (R. Doc. 23) filed by petitioner, Porter Major ("Major"). The State has not filed an opposition to Major's motion.

## PROCEDURAL BACKGROUND

A detailed description of the factual and procedural background of this matter is contained in the Report & Recommendation (R. Doc. 9) issued by the undersigned on August 26, 2009. In that report, the undersigned recommended that Major's habeas petition be dismissed as untimely-filed based upon the following facts: (1) his conviction and sentence became final on February 27, 2006, ninety (90) days after the Louisiana Supreme Court denied his writ application concerning his underlying conviction; (2) Major filed his application for post-conviction relief in the state district court two-hundred and eighty (280) days later on December 5, 2006; (3) his post-conviction relief application remained "pending" in the state district court and in the First Circuit Court of Appeals until the First Circuit rendered its writ denial on May 12, 2008; (4) Major did not timely file with

1

the Louisiana Supreme Court his writ application relating to his post-conviction relief application (and, as such, the pendency of that application did not toll the AEDPA limitations period); and (5) his present habeas petition was filed on May 6, 2009. Based upon the above facts, when the two-hundred and eighty (280) days of untolled time between the finality of Major's conviction and sentence and the filing of his post-conviction relief application were added to the three hundred and fifty-nine (359) days of untolled time that expired between the First Circuit's denial of his writ application concerning his post-conviction relief application and the filing of his present habeas petition, it appeared that Major's habeas petition was not filed within the one (1) year time limitation set forth in §2254(d), and the undersigned therefore recommended that the petition be dismissed with prejudice. After the filing of objections to that report by the petitioner, the district judge adopted the undersigned's recommendation as the opinion of the Court and dismissed Major's habeas petition with prejudice on September 29, 2009. Major sought a certificate of appealability from the U.S. Fifth Circuit Court of Appeals relative to such dismissal; however, that court dismissed his appeal for want of prosecution on December 17, 2009.

Major has now filed the present motion, seeking to have this Court's September 29, 2009 judgment set aside on the ground that his habeas petition was timely-filed. With his present motion, he submits to the undersigned, for the first time, evidence indicating that he actually timely filed with the Louisiana Supreme Court his writ application concerning his post-conviction relief application, if the "prison mailbox rule" is applied. The evidence at issue is an "Inmate Request for Legal/Indigent Mail" form that was executed on May 23, 2008, which indicates that Major submitted his Louisiana Supreme Court writ application

to a prison classification officer for mailing on that date.[1]  *See*, Exhibit C to Major's present motion.  Under the "prison mailbox rule," a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner "submits the pleading to prison authorities for mailing." *Stoot v. Cain*, 570 F.3d 669 (5th Cir. 2009).  As such, based upon this evidence now before the undersigned, it appears that Major's writ application was timely filed with the Louisiana Supreme Court on May 23, 2008, within thirty (30) days of the First Circuit's decision denying his writ application on May 12, 2008.

In light of that new evidence, the Court finds that Major's habeas petition was timely-filed.  It is undisputed that Major's conviction and sentence became final on February 27, 2006, ninety (90) days after the Louisiana Supreme Court denied his writ application concerning his underlying conviction.  Approximately two hundred and fifty-three (253) days to two hundred and eighty (280) days of untolled time then elapsed between the finality of his conviction/sentence and the date that Major filed his post-conviction relief application with the state district court either on November 8, 2006 or December 5, 2006.[2]  The one

---

[1] While Major submitted that evidence with his objections to the undersigned's August 26, 2009 report and recommendation, he did not submit such evidence with his habeas petition itself or in response to the State's opposition to his habeas petition, wherein the State specifically argued that his habeas petition was untimely.  Thus, the present motion is the first time that such evidence has been before the undersigned for consideration.

[2] Although Major contends that he filed his post-conviction relief application with the state district court on November 8, 2006, he has not submitted an "Inmate Request for Legal/Indigent Mail" form or other evidence, such as a prison mail log, confirming that such date is the proper filing date under the "prison mailbox rule."  As such, the Court utilizes the date file-stamped on that application, December 5, 2006, as the filing date.  Considering either date, however, Major's habeas petition would be considered timely-filed in light of other evidence he has now presented; therefore, the Court need not require Major to come forward with competent evidence substantiating his assertion that he filed his post-conviction relief application on November 8, 2006.

(1) year limitations period was then tolled while Major's post-conviction relief application was pending in the state courts.  Since the undersigned has now determined that Major timely filed his writ application concerning his post-conviction relief application with the Louisiana Supreme Court on May 23, 2008, the limitations period was tolled until the Louisiana Supreme Court denied writs relative to that application on April 13, 2009.  Less than a month later, Major filed his present habeas petition.[3]  Thus, considering the evidence that Major has submitted with his present motion, it appears that less than one (1) year of untolled time elapsed between the finality of his conviction/sentence and the filing of his present habeas petition, and his motion to set aside judgment should therefore be granted.  Additionally, in the event the Court adopts this recommendation as its opinion and sets aside the judgment dismissing Major's habeas petition as untimely, an order should also be issued to the State of Louisiana (specifically, the District Attorney for the 19th Judicial District Court, Parish of East Baton Rouge) to file a response to the merits of Major's habeas petition.

---

[3] While not submitted with his present motion or with his habeas petition, Major submitted an "Inmate Request for Legal/Indigent Mail" form with his objections to the undersigned's prior report and recommendation, which indicates that he submitted his habeas petition to a prison classification officer for mailing on April 29, 2009 (*See,* Exhibit C to petitioner's Objections to the August 26, 2009 Report & Recommendation), even though his habeas petition was not actually mailed to this Court until May 6, 2009 (according to the post-marked envelope filed with this Court).  *See,* Final exhibit attached to habeas petition.

**RECOMMENDATION**

For the above reasons, it is recommended that the "Motion to Set Aside Judgment Due to Fraud Upon the Court under F.R.C.P., Rule 60(B)(3) and/or Rule 60(B)6 and/or U.S.C.A. 18 §1001 as well as Conspiracy under U.S.C.A. 18 §241, and/or §242, and/or §371" (R. Doc. 23) filed by petitioner, Porter Major, should be **GRANTED**, and that the Court's prior judgment (R. Doc. 12) in this matter dated September 29, 2009, dismissing his habeas petition as untimely-filed, should be **VACATED**. It is further recommended that, if the Court adopts this recommendation as its opinion, the State of Louisiana (specifically, the District Attorney for the 19th Judicial District Court, Parish of East Baton Rouge) should be ordered to file a response to the merits of Major's habeas petition.

Signed in chambers in Baton Rouge, Louisiana, April 6, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**