UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PORTER MAJOR** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, ET AL** | **NO. 09-279-C-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 20, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PORTER MAJOR                                                            CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL                                                     NO. 09-279-C-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Porter Major ("Major"). The State has filed a supplemental memorandum in opposition to Major's habeas petition (R. Doc. 27).

## PROCEDURAL BACKGROUND

On July 28, 1999, Major was charged by bill of information with Illegal Use of a Weapon or Dangerous Instrumentality in violation of La. R.S. 14:94; Possession of a Firearm by a Convicted Felon in violation of La. R.S. 14:95.1; Intimidating, Impeding or Injuring a Witness in violation of La. R.S. 14:129.1; and Aggravated Criminal Damage to Property in violation of La. R.S. 14:55. He waived formal arraignment and pled not guilty as charged. Following a jury trial, Major was found not guilty of the charge of intimidating a witness but was convicted on all other charges on October 12, 2001. On January 25, 2002, he was sentenced to serve a total of twenty (20) years imprisonment at hard labor. On June 13, 2002, Major was found to be a fourth felony offender, and the state district court vacated his prior sentence and resentenced him to serve life imprisonment without the benefit of parole, probation, or suspension of sentence.

Major appealed his convictions and sentence and asserted that the trial court erred in denying his motion for a mistrial based upon introduction of other crimes evidence by the State.  The First Circuit Court of Appeals affirmed Major's convictions but vacated his sentence and remanded to the state district court for re-sentencing, on the ground that the state district court failed to impose a mandatory fine as required by La. R.S. 14:95.1(B).  Major was resentenced by the state district court on February 18, 2003.  Major applied for writs to the Louisiana Supreme Court relative to his convictions and sentence, and such writ application was denied on November 29, 2005.

On February 24, 2003, Major filed a motion for appeal and a motion to reconsider sentence based upon his habitual offender adjudication and sentence.  Both motions were denied by the state district court on March 12, 2003.  Major then filed a writ application with the First Circuit to grant him an appeal concerning his habitual offender adjudication.  The First Circuit granted that writ on August 11, 2003 and affirmed Major's habitual offender status and sentence on June 25, 2004.  Major applied for writs to the Louisiana Supreme Court concerning the First Circuit's decision, and that writ application was denied on December 17, 2004.

On December 5, 2006, Major filed an application for post-conviction relief in which he asserted claims that his sentence violated ex post facto laws and that he had been denied effective assistance of counsel.  The state district court denied his post-conviction relief application on February 14, 2008.  Major applied for writs to the First Circuit concerning the denial of that application, and his writ application was denied on May 12, 2008. He also filed a writ application with the Louisiana Supreme Court, which was denied on April 13, 2009.  His request for a rehearing was also denied on May 15, 2009.

Major then filed his present habeas petition on May 6, 2009, wherein he asserts claims that: (1) his sentence violates ex post facto application of the law; (2) the State improperly used his felon in possession of a firearm conviction to enhance his sentence; and (3) he received ineffective assistance of counsel. The State initially filed an opposition to Major's petition and argued that it should be dismissed as untimely-filed. The Court agreed and dismissed the petition with prejudice on September 29, 2009. Following the dismissal, Major submitted evidence demonstrating that he tendered his writ application addressed to the Louisiana Supreme Court to prison authorities on May 23, 2008, making his habeas petition timely. The Court therefore set aside its prior judgment dismissing Major's petition and ordered the State to respond to the merits of the petition. The undersigned now considers the State's arguments.

## LAW & ANALYSIS

**I.   Is Major procedurally barred from raising his first claim?**

In his first claim, Major contends that his sentence violates ex post facto application of the law. Major did not raise that issue on direct appeal and instead asserted it during his post-conviction proceedings. The Louisiana Supreme Court denied Major's writ application raising the ex post facto claim during post-conviction proceedings, and in so doing, it specifically cited La.C.Cr.P. art. 930.3, which limits the grounds upon which a prisoner may seek post-conviction relief, and *Melinie v. State*, 665 So.2d 1172 (La. 1996), which held that Article 930.3 does not allow post-conviction challenges to sentencing errors.[1] Thus, the Louisiana Supreme Court rejected Major's ex post facto claim on state law grounds

---

[1] A direct appeal would have been the proper vehicle for Major to challenge his sentence.

3

independent of his federal claims.  Such an independent and adequate state law ground for denial of Major's writ application bars federal habeas review.  *See, Hull v. Stalder*, 234 F.3d 706 (5th Cir. 2000)(denying habeas review on identical grounds); *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(explaining the independent and adequate state ground doctrine).  As such, his first claim should be dismissed with prejudice.

## II.     Merits of Major's second and third claims:

In order for this Court to grant an application for a writ of habeas corpus as to any claim which has been previously adjudicated on the merits in state court, the Court must find that adjudication of such claim:  (1) resulted in a decision that is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1) and (d)(2).  In addition, determinations of factual issues made by state courts shall be presumed correct, unless particular statutory exceptions to 28 U.S.C. § 2254(d) are implicated, and the applicant has the burden of rebutting that "presumption of correctness" by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Williams v. Collins*, 16 F.3d 626 (5th Cir. 1994).  Thus, the presumption of correctness is properly invoked if the petitioner fails to contend that any exceptions to §2254(d) are applicable to his case and if the Court finds that there were no defects in the state court's procedures.  *Id.* at 631.

### (A)     Second claim- Improper use of prior conviction to enhance sentence:

In his second claim, Major contends that the state trial court improperly used a prior conviction for felon in possession of a firearm to enhance his sentence and adjudicate him a fourth felony offender. He argues that, because the statute under which he was convicted, La. R.S. 14:95.1, has its own enhanced penalty provision, "it was not the intent of the legislature to allow further enhancement [of his sentence] by use of the habitual [offender] statute, La.R.S. 15:529.1." In support of his argument, he cites *State v. Williams*, 358 So.2d 943 (La. 1978), and *State v. Sanders*, 337 So.2d 1131 (La. 1976). While, in *Williams* and *Sanders*, the Louisiana Supreme Court held that a conviction for a violation of La. R.S. 14:95.1 may not be further enhanced by the immediate *in tandem* application of the habitual offender statute, those cases do not preclude the use of a *prior* conviction under La. R.S. 14:95.1 to enhance the sentence of any subsequent felony conviction. *See, State v. Jackson*, 438 So.2d 730 (La. App. 4th Cir. 1983); *State v. Davis*, 499 So.2d 1311 (La. App. 4 Cir. 1986). At the time of Major's convictions in question on October 12, 2001, he had a prior felony conviction under La. R.S. 14:95.1 that could properly be used by the State to enhance his sentence under the habitual offender statute. As such, the state courts properly denied this claim, and it should be dismissed with prejudice for lack of merit.

**(B)   Third claim - Ineffective assistance of counsel:**

A habeas petitioner seeking to prove ineffective assistance of counsel must meet the two-pronged burden of proof set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner must affirmatively demonstrate:

(1)   that his counsel's performance was "deficient", *i.e.*, that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and

5

(2)   that the deficient performance "prejudiced" his defense, *i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial where the result is reliable.

*Strickland*, 104 S.Ct. at 2064.[2]

Major contends that his counsel was ineffective in two (2) respects. First, he argues that his counsel was ineffective in failing to object, during his habitual offender hearing, to

---

[2] To satisfy the deficiency prong of the *Strickland* standard, the petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *Martin v. McCotter*, 796 F.2d 813, 816 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed.2d 985 (1987). The reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence and that, under the circumstances, the challenged action might be considered sound trial strategy. See *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). The court, therefore, must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *Martin*, 796 F.2d at 817. Great deference is given to counsel's exercise of his professional judgment. *Bridge*, 838 F.2d at 773; *Martin*, 796 F.2d at 816. When it is apparent that the alleged incompetent acts of the attorney were in fact conscious strategic or tactical trial decisions, review of the acts must be "highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 2587 91 L.Ed.2d 305 (1986). Mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error has no effect on the judgment. *Strickland*, 104 S. Ct. at 2066.

If the petitioner satisfies the first prong of the *Strickland* test, his petition nonetheless must also affirmatively demonstrate prejudice from the alleged errors. *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988). To satisfy the prejudice prong of the *Strickland* test, it is not sufficient for the petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding. *Strickland*, 104 S. Ct. at 2067. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,104 S.Ct. at 2068. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.* The habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome." *Martin*, 796 F.2d at 816-17. A conscious and informed tactical decision cannot be the basis for constitutionally ineffective assistance of counsel unless it is "so ill-chosen that it permeates the entire trial with obvious unfairness." *Garland v. Maggio*, 717 F. 2d 199, 206 (5th Cir. 1982).

the use of his 1991 conviction for illegal possession of stolen things because that conviction had been "cleansed" from his record. The First Circuit Court of Appeals considered this argument on appeal and held that Major did not properly preserve the issue for appeal by objecting at trial or by filing a motion to quash and also that the claim lacked merit. Specifically, the First Circuit stated:

> Although the habitual offender bill of information indicated that more than ten years elapsed between the 1976 simple burglary conviction and the commission of the 1991 offense of illegal possession of stolen things, the record establishes that the defendant was convicted of simple burglary in 1982. [Citation omitted]. Although the 1982 conviction was not alleged as a predicate offense, it clearly demonstrates that the defendant was not cleansed by a felony-free period of ten years following his 1976 felony conviction, as required by La. R.S. 15:529.1(C). This argument is without merit.

See, State v. Major, 876 So.2d 968 (La. App. 1 Cir. 2004). Major has not referred to any clearly established federal law that the First Circuit unreasonably or incorrectly applied in making the above determination. Moreover, he has not demonstrated that his counsel, in failing to object to the use of a prior conviction that had not been "cleansed" from his record, acted deficiently.

Major also contends that his counsel was ineffective because he did not object to the state district court's use of his prior conviction on the charge of felon in possession of a firearm to enhance his sentence. As discussed above, such action by the state district court was legally proper. As such, Major's counsel had no basis upon which to object, and his failure to do so therefore is not deficient. Accordingly, both of Major's ineffective assistance of counsel claims lack merit and should be dismissed.

**RECOMMENDATION**

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Porter Major be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, July 20, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**